UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUIENCIA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09-C-477 |
| | ) | |
| vs. | ) | Judge Zagel |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| JOHN CANNON, Star 1938, | ) | |
| ROBERT LOBIANCO, Star 16764, | ) | |
| DARREL BOWEN, Star 14687, | ) | |
| ERICH RASHAN, Star 10337, | ) | Jury Demand |
| JANICE WILSON, Star 11352 | ) | |
| LOU TOTH, Star 14630, | ) | |
| JOSEPH MURTAUGH, Star 6998, | ) | |
| RODOLFO CAMARILLO JR, Star 7168, and | ) | |
| SILAS GATES JR., Star 9006 | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Chicago, Illinois.

5. All Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about July 25, 2008, around 10:00 p.m., Plaintiff and her friends Natasha and Unique left Plaintiff's home at 8248 South Shore in Chicago to go to the store.

9. Plaintiff and her friends walked down an alley onto 83rd Street and turned towards Coles Avenue.

10. At the corner of 83rd and Coles, Plaintiff and her friends saw Defendant-Officer CANNON and another Defendant-Officer standing beside a police car talking to about five young teenage boys, a few of whom Plaintiff knew.

11. CANNON and the other officer would not let anyone go past while they were talking to the boys, so Plaintiff leaned against a nearby gate and lit a cigarette to smoke while she waited.

12. On information and belief, CANNON called for additional officers to come to the scene.

13. LOBIANCO arrived a few minutes later.

14. LOBIANCO walked up to Plaintiff and smacked her hand and told her to put her cigarette out.

15. Plaintiff attempted to walk away to avoid a confrontation.

16. LOBIANCO grabbed Plaintiff by the arm and said, "Bitch, you aren't going anywhere," and pushed her into the gate.

17. Plaintiff again tried to walk away from LOBIANCO.

18. LOBIANCO grabbed Plaintiff's arm and hit her in the face.

19. CANNON ran over and grabbed Plaintiff's other arm.

20. Plaintiff was seized and not free to leave.

21. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

22. LOBIANCO and CANNON slammed Plaintiff face-first into a police car.

23. LOBIANCO and CANNON then threw Plaintiff to the ground and placed her in handcuffs.

24. Defendant-Officers kicked Plaintiff in her back while she was face down on the ground.

25. Plaintiff said that she would not resist arrest and the officers didn't need to hurt her. She asked them to get her mother several times.

26. Each time Plaintiff asked the officers to stop hurting her or to get her mother, Defendant-Officer CANNON banged Plaintiff's head into the ground and told her to shut up.

27. CANNON banged Plaintiff's head into the ground seven to ten times.

28. CANNON and LOBIANCO dragged Plaintiff to her feet and started putting her into a police car.

29. Plaintiff asked if she could get her sandals before they took her to the station, because her shoes had come off during the beating.

30. CANNON told Plaintiff to shut up and threatened to tazer her. He then put Plaintiff in the back of a police squadrol.

31. Plaintiff's brother Jerry Smith and Unique Polk went to get Plaintiff's mother. Defendant-Officers placed Smith, Polk and another youth under arrest. Plaintiff's mother came out of her house to check on the commotion outside. Defendant-Officers commanded her to put her hands on a gate and would not allow her to check on Plaintiff.

32. A Defendant-Officer stood outside the squadrol and taunted Plaintiff, laughing and calling her a "bitch" repeatedly.

33. Defendant-Officers BOWEN, RASHAN, WILSON, TOTH, MURTAUGH, CAMARILLO, and GATES were all present on the scene and assisted in arresting Plaintiff and other individuals on July 25, 2008.

34. BOWEN, RASHAN, WILSON, TOTH, MURTAUGH, CAMARILLO and GATES had an opportunity to intervene to stop CANNON and LOBIANCO from using the excessive force described above, but they each failed to do so.

35. Defendant-Officers took Plaintiff and the other people they had arrested to the police station at 103rd Street.

36. LOBIANCO filled out and signed criminal complaints to charge Plaintiff with aggravated assault of a police officer and resisting arrest. The allegations in these complaints were completely false.

37. Plaintiff was charged with aggravated assault of a police officer and resisting arrest. The case was docketed in the Cook County Circuit Court as: <u>People v. Shaquiencia Thomas</u>, 08 CR 244566. The charges against Plaintiff were dropped on September 11, 2008.

38. The day after the incident, Plaintiff still was in pain from the beating she received from Defendant-Officers, so she went to the emergency room at South Shore Hospital to seek medical treatment.

39. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, medical expenses and emotional distress.

41. Each individual Defendant-Officer knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers CANNON and LOBIANCO,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest)

44. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

45. Defendant-Officers CANNON and LOBIANCO placed Plaintiff under arrest.

46. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

47. The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers CANNON and LOBIANCO,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

48. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

49. Defendant-Officers CANNON and LOBIANCO violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers CANNON and LOBIANCO,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

50. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

51. While Plaintiff was subjected to excessive force as described above, Defendant-Officers BOWEN, RASHAN, WILSON, TOTH, MURTAUGH, CAMARILLO and GATES had an opportunity to intervene, but chose not to intervene.

52. Defendant-Officers BOWEN, RASHAN, WILSON, TOTH, MURTAUGH, CAMARILLO and GATES were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers BOWEN, RASHAN, WILSON, TOTH, MURTAUGH, CAMARILLO and GATES,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Willful and Wanton Conduct)

53. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

54. Defendant-Officers acted with actual intent to harm Plaintiff, or with a conscious disregard for the risk that their actions would result in harm to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Malicious Prosecution)

55. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

56. Defendant-Officer LOBIANCO instituted charges against Plaintiff for aggravated assault of a police officer and resisting arrest.

57. There was not probable cause for such charges.

58. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer LOBIANCO,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for False Arrest)

59. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers CANNON and LOBIANCO,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law Claim for Battery)

60. Plaintiff realleges paragraphs 1 through 41as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers CANNON and LOBIANCO ,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IX
### (State Law *Respondeat Superior* Claim)

61. The acts of the Defendant-Officers described in the state-law claims specified above were willful and wanton, and committed in the scope of employment.

62. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT X
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

63. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

64. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595